IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51094
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER MOLINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-323-ALL-H
--------------------
July 26, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Francisco Javier Molina (Molina) has appealed his convictions on two counts of possessing firearms as a convicted felon, 18 U.S.C. § 922(g)(1). We affirm.

Molina contends, first, that the district court erred by denying his Fed. R. Crim. P. 29 motion for a judgment of acquittal on Count One. He argues that the handgun found in his truck was not in plain view and that there was insufficient evidence that he knew it was there.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Molina's contention lacks merit because a police detective testified that the handgun was partially in plain view in Molina's truck, right by the driver's bucket seat. Furthermore, Molina was the truck's sole occupant when the officer stopped him on July 3, 1997. Based on this evidence, a rational juror could find, beyond a reasonable doubt, that Molina had constructive possession of the handgun which was found in his truck on that date. See United States v. Richardson, 848 F.2d 509, 512-14 (5th Cir. 1988); United States v. Posner, 868 F.3d 720, 722-24 (5th Cir. 1989).

Molina contends that the district court erred by denying his motion for judgment of acquittal on Count Two, which alleges that on or about October 16, 1998, he possessed another handgun. An officer found this handgun on that date, in a barroom where Molina was present. Molina argues, as he did relative to Count One, that the handgun was not in plain view and that there was insufficient evidence that he knew it existed.

The barroom's owner, Martha Carzoli, had been Molina's girlfriend. She testified that when she hugged Molina, she felt the handgun in his waistband at the small of his back. Carzoli also testified that she saw Molina place the handgun on the sink in back of the bar. Shortly thereafter, Carzoli showed a police officer where the handgun was, partially wrapped in a towel, and he retrieved it. This is direct evidence that Molina had actual possession of a handgun, which amply supports his conviction under Count Two. See United States v. Gresham, 118 F.3d 258, 265 (5th Cir. 1995). Molina's argument to the effect that the jury should

2

have rejected the Government's evidence and credited his evidence is frivolous.  See United States v. Robles-Pantoja, 887 F.2d 1250, 1254 (5th Cir. 1989).

Molina contends that he is entitled to reversal on grounds that his trial counsel provided ineffective assistance in several respects.  The Government preliminarily asserts that the record is inadequately developed for these claims to be adjudicated.  The court has determined, however, that the record shows conclusively that Molina is not entitled to relief on these claims.

Molina faults his counsel for not having objected to the prosecutor's eliciting an officer's testimony that when he first talked with Molina after the barroom incident, Molina did not want to say anything.  Molina argues that counsel's failure to object permitted the prosecutor to adduce evidence that he had invoked his right to remain silent, in violation of Doyle v. Ohio, 426 U.S. 610 (1976). Doyle is inapplicable, however, because the record shows that Molina then proceeded to answer the officer's questions.  See United States v. Cardenas Alvarado, 806 F.2d 566, 573 (5th Cir. 1986).

Molina contends that his counsel was ineffective for having failed to object to hearsay which the prosecutor elicited from another officer relative to Count Two.  Molina asserts that the introduction of this hearsay testimony violated his Sixth Amendment right to confront the witnesses against him.  Admission into evidence of most of the hearsay was harmless because it was cumulative of properly admitted evidence.  See United States v.

3

<u>Lage</u>, 183 F.3d 374, 388 (5th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 1179, 1180 (2000).

Without objection, the prosecutor also adduced testimony from the officer that Carzoli had said that in the past, Molina had told patrons of her barroom that he was a federal agent. Insofar as this testimony tended to prove that Molina had impersonated a "federal agent," it was inadmissible hearsay. <u>See</u> Fed. R. Evid. 801(c). However, even if the question had not been asked or the answer given, it is highly unlikely that the jury would have acquitted Molina on either count. Accordingly, Molina is not entitled to reversal on grounds of ineffective assistance of counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984).

AFFIRMED.